Daniel, J.
 

 First; admit that Powell was the servant and cropper of the defendant at the time the growing com was levied on by the officer as his property, (which then in fact was not his, but belonged to the defendant), still, at the
 
 *78
 
 day of sale, the title to the corn actually sold was in Powell, by the division previously made with the defendant, And the plaintiff acquired a good title under the said sale. officer has a right to-sell personal property, levied on under an execution, alter the return day of the said execution. Powell was present at the sale, and raised no objection. If there had been any irregularity in the sale, he was the person to raise the objection, and not the defendant. The com had been placed by Powell in the defendant’s barn, upon a naked bailment for safe-keeping. The sale of it and the demand by the purchaser put an end to the bailment.
 

 Secondly;
 
 The defendant on the day of sale, set up a claim to the corn as his property,-but he has shewn no title. The plaintiff gave notice to the defendant that he should take away the corn, which he had purchased at the officer’s sale. The defendant said, that he should not have it, that the corn was his, and that he would break every bone in his body before he should carry it away. The judge charged the jury, that this
 
 in law
 
 was a conversion. It is now insisted that it was only
 
 evidence
 
 to be left to a jury of a conversion. We think the charge of his Honor was correct; for a wrongful dominion and assumption of property in the chattels is a conversion ; and, if there be a deprivation of the property by a defendant, it is a conversion.
 
 Keyworth
 
 v
 
 Hill,
 
 3 Barn. & Ald. 687. 2 Leigh’s Nisi Prius, 1478. We think that the judgment must be affirmed.
 

 Per CubjaM, Judgment affirmed.